IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| LISA CASEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-0066 |
| | ) | |
| MYRON L. BATTS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by

a Person in Federal Custody (Document Nos. 1 and 4.) and Application to Proceed Without

Prepayment of Fees (Document No. 5.).[1] By Standing Order, this matter was referred to the

undersigned United States Magistrate Judge for the submission of proposed findings of fact and a

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having

examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully

recommends, that Petitioner's Application be dismissed.

FACT AND PROCEDURE

A.    **Criminal Action No. 1:06-cr-0071:**

On April 10, 2007, Petitioner pled guilty in the United States District Court for the Western

District of Virginia to one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 1 of the

Information), and one count of attempted bank fraud in violation of 18 U.S.C. § 1344 (Count 14 of

_____

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less
stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See
Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the Indictment). United States v. Casey, Case No. 1:06-cr-0071 (W.D.Va. July 11, 2007), Document

Nos. 40 and 44. On July 11, 2007, the District Court sentenced Petitioner to a 96-month term of

imprisonment as to each count, to run concurrently. Id., Document No. 47. The District Court further

imposed a three-year term of supervised release as to Count One and a five-year term of supervised

release as to Count 14, to run concurrently. Id. On July 18, 2007, Petitioner filed her Notice of

Appeal. Id., Document No. 53. By Order entered on August 20, 2007, the Fourth Circuit Court of

Appeals dismissed Petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate

Procedure. Id., Document No. 62.

**B.     First Section 2255 Motion:**

On May 19, 2008, Petitioner, acting *pro se*, filed in the Western District of Virginia a Motion

to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  Casey v. United States, Case No.

1:08-cv-80057, Document No. 67. Petitioner asserted the following grounds of error: (1) Invalid

Plea Agreement; (2) Ineffective Assistance of Counsel; and (3) Unlawful Sentence. Id. The United

States filed a Motion for Summary Judgment on July 21, 2008, arguing that Petitioner's claims were

waived by her plea agreement. Id., Document No. 73. In the alternative, the United States argued

that Petitioner's claims failed on the merits. Id. On August 11, 2008, Petitioner filed a Response

arguing that her plea agreement waivers were invalid because she was incompetent at the time of

the plea and counsel was ineffective. Id., Document No. 75. By Order entered on February 12, 2009,

the District Court appointed counsel and scheduled the matter for an evidentiary hearing. Id.,

Document Nos. 79 and 80. An evidentiary hearing was conducted on May 18, 2009. Id., Document

No. 83. By Memorandum Opinion and Order entered on August 21, 2009, the District Court granted

the United States' Motion for Summary Judgment and dismissed Petitioner's Section 2255 Motion.

<u>Id.</u>, Document No. 93 and 94. On September 4, 2009, Petitioner filed a Notice of Appeal. <u>Id.</u>, Document No. 97. By Order entered on January 27, 2010, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed her appeal. <u>Id.</u>, Document No. 101.

**B.      Second Section 2255 Motion:**

On September 9, 2010, Petitioner filed a letter in the Western District of Virginia again challenging the validity of her conviction. <u>Casey v. United States</u>, Case No. 1:10-cv-80284, Document No. 103 and 106. Specifically, Petitioner argued that she had discovered new evidence proving that she was actually innocent of her convictions. <u>Id.</u> By Memorandum Opinion and Order entered on September 16, 2010, the District Court construed Petitioner's letter as a Section 2255 Motion and dismissed it as successive. <u>Id.</u>, Document Nos. 104, 105, 107.

**C.      Third Section 2255 Motion:**

On October 5, 2010, Petitioner filed in the Western District of Virginia her third Section 2255 Motion. <u>Casey v. United States</u>, Case No. 1:10-cv-80290, Document No. 109. In support of her Motion, Petitioner alleged the discovery of evidence establishing her innocence. <u>Id.</u> By Memorandum Opinion and Order entered on October 19, 2010, the District Court dismissed Petitioner's Section 2255 Motion as successive. <u>Id.</u>, Document Nos. 110 and 111.

**D.      Request for authorization to file Successive Section 2255 Motion:**

Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. By Order entered on December 8, 2010, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. <u>Casey v. United States</u>, Case No. 1:06-cr-0071, Document No. 112.

**E.      Fourth Section 2255 Motion:**

On December 21, 2010, Petitioner filed in the Western District of Virginia a Motion to

Reduce Sentence again challenging the validity of her conviction. Casey v. United States, Case No.

1:10-cv-80311, Document No. 113.  By Memorandum Opinion and Order entered on February 2,

2011, the District Court construed Petitioner's Motion to Reduce Sentence as a Section 2255 Motion

and dismissed it as successive. Id., Document Nos. 115 and 117.

**F.      Fifth Section 2255 Motion:**

Also, on December 21, 2010, Petitioner filed in the Western District of Virginia her fifth

Section 2255 Motion. Casey v. United States, Case No. 1:11-cv-80313, Document No. 116. By

Memorandum Opinion and Order entered on February 7, 2011, the District Court dismissed

Petitioner's Section 2255 Motion as successive. Id., Document Nos. 119 and 120.

**G.      Section 2241 Petition:**

On January 27, 2011, Petitioner, acting *pro se*, filed her instant letter-form Petition

requesting relief under 28 U.S.C. § 2241. (Document No. 1.) In her Petition, Petitioner alleges that

she has discovered new evidence establishing her innocence. (Id., p. 1.) Petitioner contends that her

"court appointed attorney withheld this evidence from [her] and was a team player for the

government." (Id.) Petitioner states "had I known of this evidence in 2007, I would have never pled

guilty." (Id.) Petitioner further claims that police officers withheld evidence and committed perjury

before the grand jury. (Id., p. 2.) Finally, Petitioner alleges that the District Court improperly

enhanced her sentence based upon "miscalculations of [her] criminal history." (Id., p. 3.)

In support, Petitioner attaches the following Exhibits: (1) A copy of the "Bristol Virginia

Police Department Photograph/Suspect Lineup Information Sheets" dated August 24, 2006, August

28, 2006, August 30, 2006, and September 28, 2006 (Id., pp. 5 - 10.); (2) A copy of the transcripts

of Mary Duncan's testimony as presented to the Grand Jury on October 31, 2006 (Id., pp. 11 - 16.);

(3) A copy of the transcripts of Keith Anderson's testimony as presented to the Grand Jury on

November 13, 2006 (Id., pp. 16 - 24.); (4) A copy of "Bristol Virginia Police Department Criminal

Investigation Division Follow Up" dated September 8, 2006 (Id., p. 25.); (5) A copy of a Travelers

Express Money Gram payed to the order of Aaron's in the amount of $500.00 (Id., p. 26.); and (6)

A copy of Petitioner's "Waiver of Indictment" as filed in the Western District of Virginia in

Criminal Action 1:06-cr-0071 (Id., p. 27.).

By letter dated January 27, 2011, the Clerk of the Court provided Petitioner a blank form

Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal

Custody and an Application to Proceed Without Prepayment of Fees. (Document No. 3.) On

February 8, 2011, Petitioner filed her Application Under 28 U.S.C. § 2241 for Writ of *Habeas*

*Corpus* by a Person in State or Federal Custody (Document No. 4.) and an Application to Proceed

Without Prepayment of Fees (Document No. 5.). In her Petition, Petitioner asserts the following

grounds for relief: (1) Brady Violation; (2) Violation of the Sixth, Eighth, and Fourteenth

Amendments; (3) Prosecutor Misconduct; (4) Multiplicity of Errors by Counsel. (Document No. 4,

pp. 6 - 7, and Document No. 4-1, pp. 1 - 5.)

In support, Petitioner attaches the following Exhibits: (1) A copy of the transcripts of Mary

Duncan's testimony as presented to the Grand Jury on October 31, 2006 (Id., pp. 6 - 10.); (2) A

copy of the transcripts of Keith Anderson's testimony as presented to the Grand Jury on November

13, 2006 (Id., pp. 11 - 19.); (3) A copy of portions of the trial transcripts (Id., pp. 20 - 25.); (4) A

copy of Petitioner's "Exhibit and Witness List" as filed in the Western District of Virginia in

Criminal Action 1:06-cr-0071 (Id., p. 26.); (5) A copy of portions of the sentencing transcripts (Id., pp. 27 - 31.); (6) A copy of the "Bristol Virginia Police Department Photograph/Suspect Lineup Information Sheets" dated August 24, 2006, August 28, 2006, August 30, 2006, and September 28, 2006 (Id., pp. 32 - 37.); (7) A copy of "Bristol Virginia Police Department Criminal Investigation Division Follow Up" dated September 8, 2006 (Id., p. 38.); (8) A copy of Petitioner's "Waiver of Indictment" as filed in the Western District of Virginia in Criminal Action 1:06-cr-0071 (Id., p. 39.); (9) A copy of a Travelers Express Money Gram payed to the order of Aaron's in the amount of $500.00 (Id., p. 40.); (10) A copy of a "Memorandum of Interview" dated July 10, 2007 (Id., p. 41.); (11) A copy of a letter dated July 6, 2007, from the United States Department of Justice address to defense counsel (Id., p. 42.); (12) A copy of the "Default Final Judgment of Dissolution of Marriage with No Property or Dependent or Minor Children" as filed in the Circuit Court of the Second Judicial Circuit for Leon County, Florida, in Lisa Casey Dickens v. Rodney O'Dell Dickens, Case No. 06-DR-666 (Id., p. 43.); and (13) A copy of Sick Call Requests filed on February 6, 2007, March 4, 2007, March 7, 2007, March 17, 2007 (Id., pp. 44 - 45.).

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the

exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Western District of Virginia. Specifically, Petitioner claims that she is "actually innocent," the prosecutor improperly withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963.), her plea of guilty was coerced, and trial counsel was ineffective. Petitioner is basically challenging the validity of her conviction and sentence, not the manner in which her sentence is being executed.

Thus, Petitioner requests that this Court invalidate her conviction and sentence. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and

reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has denied at least one of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 5.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 4.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 8, 2011.

R. Clarke VanDervort
United States Magistrate Judge