```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

LISA CASEY,

    Petitioner,

v.                                  Civil Action No. 1:11-cv-0066

MYRON BATTS, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    Pending before the court are Petitioner's Application Under 28 U.S.C. § 2241 for a writ of habeas corpus by a Person in Federal Custody and Petitioner's Application to Proceed Without Prepayment of Fees. (Doc. Nos. 1, 4, 5). By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his findings and recommendation ("PF&R") on August 8, 2011, in which he recommended that the court DENY Petitioner's Application to Proceed Without Prepayment of Fees (Doc. No. 5), DISMISS Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Doc. Nos. 1 and 4) and REMOVE this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing

days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On August 15, 2011, Petitioner filed a Motion to Extend Time to File Objection to Proposed Findings and Recommendation. (Doc. No. 14).  The court granted this motion, and gave the Petitioner until October 25, 2011 to file any objection.  (Doc. No. 15).  Petitioner filed a pro se letter to the court on September 23, 2011, which the court construes as her objections. (Doc. No. 16).  She then filed a second letter supplement to her original objection on January 18, 2012.  (Doc. No. 19). The court has reviewed de novo those portions of the PF&R to which the Movant objects and **FINDS** that the objections lack merit. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's PF&R.

BACKGROUND

The Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of attempted bank fraud in violation of 18 U.S.C. § 1344.  United States v. Casey, Criminal Action No. 1:06-cr-0071 (W.D. Va. July

11, 2007).  The Petitioner was sentenced to a 96-month term of imprisonment as to each count, to run concurrently.  Id. at Doc. No. 47.  The sentencing court also imposed a three-year term of supervised release as to Count One and a five-year term of supervised release as to Count 14, to run concurrently.  Id.  On July 18, 2007, Petitioner filed her Notice of Appeal, which the Fourth Circuit Court of Appeals dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.  Id. at Doc. No. 62.

Thereafter, Petitioner filed a pro se motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the Western District of Virginia.  Casey v. United States, Civil Action No. 1:08-cv-80057 at Doc. No. 67.  After an evidentiary hearing, the District Court dismissed the Petitioner's § 2255 Motion.  Id. at Doc. Nos. 93 and 94.  Petitioner then filed a Notice of Appeal. Id. at Doc. No. 97.  By Order entered on January 27, 2010, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed her appeal.  Id. at Doc. No. 101.

On September 9, 2010, Petitioner filed a letter in the Western District of Virginia challenging the validity of her conviction.  Casey v. United States, Civil Action No. 1:10-cv-80824 (W.D. Va. September 9, 2010).  The court construed the letter as a Section 2255 motion and dismissed it as successive. Id. Doc Nos. 104, 105, 107.  Petitioner filed her third § 2255

3

Motion on October 5, 2010 in the Western District of Virginia. Casey v. United States, Civil Action No. 1:10-cv-80290 at Doc. No. 109 (W.D. Va. October 5, 2010).  The court again dismissed this § 2255 motion as successive.

Petitioner then filed a Motion under 28 U.S.C. § 2244 with the Fourth Circuit, requesting an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.  The Fourth Circuit denied Petitioner's Motion on December 8, 2010.  Casey v. United States, Case No. 1:06-cr-0071, Doc. No. 112.  Thereafter, Petitioner filed two additional § 2255 motions in the Western District of Virginia, both of which were denied as successive.  See Civil Action Nos. 1:10-cv-80311, 1:11-cv-80313.  On January 27, 2011, Petitioner filed the instant letter-form Petition requesting relief under 28 U.S.C. § 2241.

## ANALYSIS

### Objection I.

In her letter-form pro se objections, the Petitioner states "I object to the findings and rulings on the basis that the sentence in my opinion is being carried out illegally, since I did submit evidence proven [sic] that I am in fact innocent of the crimes I was sentenced for."  (Doc. No. 16, p. 1).

In the PF&R, the Magistrate Judge found that the grounds for relief in Petitioner's assertion of her actual innocence as

4

a grounds for relief is not appropriately considered under a § 2241 motion. (Doc. No. 12 at p. 6). Section 2241 is merely a general grant of habeas corpus authority. Medberry v. Crosby, 351 F.3d 1049, 1055 (11th Cir. 2003). More specific grants of habeas corpus authority are found in 28 U.S.C. § 2254 for prisoners in state custody and 28 U.S.C. § 2255 for federal prisoners. Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Section 2255 also provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. From the language of § 2255, Petitioner is a "prisoner who is authorized to apply for relief by motion pursuant to this section."

5

The Petitioner is asserting that she is actually innocent, which is properly considered under a § 2255 motion. Because the Petitioner's motions pursuant to § 2255 were denied by the sentencing court, in order to have her § 2241 petition entertained by this court, Petitioner has the burden of proving that the remedy under § 2255 is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). As the Magistrate Judge correctly notes, a remedy under § 2255 is not inadequate or ineffective simply because the Petitioner is procedurally barred from filing a motion or the motion has been denied. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(citations omitted). The Petitioner properly filed her first § 2255 motion in the Western District of Virginia, was granted an evidentiary hearing, and the court ultimately dismissed her Motion as lacking merit. Furthermore, she was denied authorization from the Fourth Circuit to file a second or successive § 2255 Petition, as is procedurally required. See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999).

Because Petitioner has offered no proof that the remedy provided to her by § 2255 is inadequate or ineffective, § 2255 directs that Petitioner's § 2241 motion shall not be entertained by this court. The Magistrate Judge correctly determined that the Petitioner's § 2241 motion should be dismissed. The court therefore **OVERRULES** the Petitioner's first objection.

6

Objection II.

Petitioner also makes a number of assertions regarding what she considers to be the "injustice" of her conviction.  She states that she has been denied access to the original investigative files of her case, and notes that she cannot afford an attorney to represent her.  (See Doc. Nos. 16 and 19).  She also provided citations to two cases which she believes are pertinent to her § 2241 motion, Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), and Smith v. Cain, 132 S. Ct. 627 (2012).

The Plaintiff's objection is general and conclusory, and is not entitled to a de novo review by this court.  "[T]his Court need not conduct a de novo review when a party 'makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.'"  Ashworth v. Berkebile, No. 5:09-cv-01106, 2010 U.S. Dist. LEXIS 138413, at *6-7 (S.D.W. Va. Dec. 27, 2010) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  The Plaintiff has failed to point the court to any specific errors in the Magistrate Judge's PF&R.  For this reason, the court **OVERRULES** the remaining statements in the Plaintiff's Objections, and finds that they lack merit.

For the foregoing reasons, the Petitioner's Application to Proceed Without Payment of Fees (Doc. No 5) is **DENIED;**

7

Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. 2241 (Doc. Nos. 1, 4) is **DISMISSED**; and the Clerk is directed to remove this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Petitioner, pro se, and counsel of record.

**IT IS SO ORDERED** on this 12th day of June, 2012.

                              Enter:

                              */s/ David A. Faber*
                              David A. Faber
                              Senior United States District Judge